70 F.3d 120
 76 A.F.T.R.2d 95-6886, 95-2 USTC P 50,557
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nicholas T. SCOTT, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
Nicholas T. SCOTT, Plaintiff-Appellee/Cross-Appellant,
v.
UNITED STATES of America; IRS, Director,
Defendants-Appellants/Cross-Appellees.
 Nos. 94-15321, 94-15323.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1995.
Decided Oct. 5, 1995.
 
 1
 Before: FLETCHER, WIGGINS and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 BACKGROUND
 
 3
 In the early 1980s, Nicholas Scott began to experience severe difficulties resulting from his alcohol abuse, including multiple citations for driving under the influence of alcohol and the loss of his job. He turned over power of attorney for his financial affairs to his father. In 1984, pursuant to the power of attorney, Mr. Scott's father made a number of federal tax deposits on Mr. Scott's behalf. Then, after Mr. Scott revoked the power of attorney, he himself made a final estimated tax payment in January 1985. Altogether, the payments made toward Mr. Scott's 1984 taxes totaled $30,096. In actuality, Mr. Scott had no tax liability that year.
 
 
 4
 Mr. Scott filed tax returns for the 1984-88 tax years on November 29, 1989 and claimed a refund of $30,096 plus interest. The Internal Revenue Service ("IRS") disallowed Mr. Scott's refund claim due to the expiration of the statute of limitations for filing a claim based on 26 U.S.C. Sec. 6511. Mr. Scott subsequently filed the present action.
 
 
 5
 The district court made two key holdings in this case. Assuming that Mr. Scott's request for a refund was barred by the statute of limitations contained in the tax code, the court first ruled that equitable tolling principles can apply to tax cases. The district court then held that a taxpayer's mental incompetence could operate to toll the limitations period for a tax refund claim during the time the taxpayer was mentally incompetent. Accordingly, the district court proceeded to a bench trial to determine Mr. Scott's competence.
 
 
 6
 At the bench trial, expert witnesses on behalf of both the government and Mr. Scott testified that alcoholism is a disease that can lead to mental incompetence. The district court resultantly found that Scott was an alcoholic whose alcoholism rendered him mentally incompetent and unable to file a tax return from January 1985 through November 1989. The court thus ruled that the statute of limitations did not bar Scott's claim for the $30,096 refund. The Government appeals. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 DISCUSSION
 
 7
 In a similar case, argued before us at the same time as this one, we held that equitable tolling can apply to tax cases, and that mental incompetence can provide a ground for such tolling. See Brockamp v. United States, No. 94-56424, slip op. ____ (9th Cir. Oct. 5, 1995). Accordingly, these two holdings of the district court are affirmed.
 
 
 8
 As to the district court's factual finding that Mr. Scott was mentally incompetent during the relevant period, this finding was well supported. The district court noted that the determination whether a particular taxpayer suffers from severe enough alcoholism to toll the statute of limitations is to be made on a case-by-case basis. The district court reviewed extensive trial evidence, including expert reports, concerning Mr. Scott's alcoholism and mental incompetence. The court's resultant finding, that Mr. Scott was indeed mentally incompetent to the point that he was unable to file a tax return during the relevant period, was not clearly erroneous. See Campbell v. Wood, 18 F.3d 662, 681 (9th Cir.) (en banc), cert. denied, 114 S.Ct. 2125 (1994).
 
 CONCLUSION
 
 9
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3